UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO WILLIAMS,<br><br>   Petitioner,<br><br>  v.<br><br>STU SHERMAN, Warden,<br><br>   Respondent. | Case No. CV 19-9621 JFW (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, Respondent's motion to dismiss, all of the records and files herein, the Magistrate Judge's Report and Recommendation, and Petitioner's objections. After having made a *de novo* determination of the portions of the Report and Recommendation to which the objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

  In his objections, Petitioner asserts that the Magistrate Judge applied conflicting standards for passing through the actual innocence gateway articulated in *Schlup v. Delo*, 513 U.S. 298 (1995), and thus disregarded the weight of "newly discovered" evidence that would prove Petitioner's innocence. (Obj. at 3). However, the Report clearly delineates the standard for an actual innocence claim, which requires the introduction of "relevant

evidence that was either excluded or unavailable at trial," and a finding that "it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence." *See Schlup*, 513 U.S. at 327–28. The actual innocence exception is limited to "exceptional cases involving a compelling claim of actual innocence." *House v. Bell*, 547 U.S. 518, 521 (2006). Petitioner's objections lack merit because none of the supporting evidence he identifies satisfies the demanding standard for claims of actual innocence. *Stewart v. Cate*, 757 F.3d 929, 938 (9th Cir. 2014). As such, the objections are overruled.

Petitioner requests an evidentiary hearing to "further examine Johara Richardson," who provided the declaration on which his actual innocence claim is based. (Obj. at 11). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Because the Court has concluded that Richardson's testimony that Petitioner was not the driver of the get-away car for certain store robberies would be insufficient to warrant habeas relief on his freestanding actual innocence claim, an evidentiary hearing is unnecessary. *See id.* To the extent Petitioner seeks an evidentiary hearing to present additional evidence in support of his claim, he cannot obtain federal habeas relief based on evidence developed at the evidentiary hearing that was not in the record before the state court when it denied his actual innocence claim. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (federal habeas review under 28 U.S.C. § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits."). Accordingly, Petitioner's request for an evidentiary hearing is denied.

IT IS ORDERED that Respondent's Motion to Dismiss is granted. The Petition is denied and Judgment shall be entered dismissing this action with prejudice.

1       IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner at his current address of record and on counsel for Respondent.

      LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 23, 2020

                          JOHN F. WALTER
                          UNITED STATES DISTRICT JUDGE